# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JEREMY SNYDER,<br><br>　　　　Defendant. | No. CR12-4077-MWB<br><br>**RULE 11(c)(1)(C) REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY** |

_____

On May 14, 2013, the above-named defendant, by consent, appeared before the undersigned United States Magistrate Judge pursuant to Federal Rule of Criminal Procedure 11, and entered a plea of guilty to Count One of the Information. After cautioning and examining the defendant under oath concerning the subject mentioned in Rule 11, the court determined that the guilty plea was knowledgeable and voluntary, and the offense charged was supported by an independent basis in fact containing the essential elements of the offense charged in Count One of the Information. The court therefore **RECOMMENDS** that the plea of guilty be accepted and the defendant be adjudged guilty.

At the commencement of the Rule 11 proceeding, the defendant was placed under oath and advised that if he answered any questions falsely, he could be prosecuted for perjury or for making a false statement. He also was advised that in any such prosecution, the Government could use against him any statements he made under oath.

The court then asked a number of questions to ensure the defendant's mental capacity to enter a plea. The defendant stated his full name, his age, and the extent of his schooling. The court inquired into his history of mental illness and addiction to narcotic drugs. The court further inquired into whether the defendant was under the influence of any drug, medication, or alcoholic beverage at the time of the plea hearing.

From this inquiry, the court determined that the defendant was not suffering from any mental disability that would impair his ability to make knowing, intelligent, and a voluntary plea of guilty to the charge.

The defendant acknowledged that he had received a copy of the Information, and he had fully discussed these charge with his attorney.

The court summarized the charge against the defendant, and listed the elements of the crime. The court determined that the defendant understood each and every element of the charge, ascertained that the defendant's counsel had explained each and every element of the charge fully to the defendant, and the defendant's counsel confirmed that the defendant understood each and every element of the charge.

The court then elicited a full and complete factual basis for all elements of the crime charged in Count One of the Information.

The court advised the defendant of the consequences of his plea, including, the maximum fine and the maximum term of imprisonment.

With respect to Count **One**, the defendant was advised that the maximum fine is **$250,000**; the maximum term of imprisonment is **three years**; and the maximum period of supervised release is **one year**.

The court advised the defendant that he was pleading guilty under a plea agreement with the Government that provided for the imposition of a specific, agreed sentence at the time of the sentencing hearing. After confirming that a copy of the written plea agreement was in front of the defendant and his attorney, the court determined that the defendant understood the terms of the plea agreement. The court explained to the defendant that at the sentencing hearing, the district judge would consider whether or not to accept the plea agreement and impose the agreed sentence. If the district judge decided to accept the plea agreement and impose the agreed sentence, then the defendant would receive the agreed sentence. If the district judge decided to reject the plea agreement and

impose a different sentence, then the defendant would have an opportunity to withdraw his plea of guilty and plead not guilty. The court further advised the defendant that pursuant to the terms of the plea agreement, which provided that he was pleading guilty pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, he would be sentenced to a term of probation. Also pursuant to the plea agreement it has been agreed and stipulated to that defendant may have already made, or is in the process of making restitution payments to the FSA, pursuant to a previous judgment. As of the date of the plea agreement, the remaining restitution owed is approximately $22,317.90. Defendant understands the imposition or payment of restitution will not restrict or preclude the filing of any civil suit or administrative action. Defendant has agreed any restitution imposed will be non-dischargeable in any bankruptcy proceeding and defendant will not seek a discharge or a finding of dischargeability as to the restitution obligation.

The court explained to the defendant that if the district judge rejected the plea agreement and the defendant did not withdraw his guilty plea, then the court could dispose of the case less favorably toward him than the plea agreement contemplated, including imposing a longer sentence than the one to which the parties had agreed in the plea agreement.

The defendant also was advised that the court was obligated to impose a special assessment of **$100.00** which he must pay. He also was advised of the collateral consequences of a plea of guilty. The defendant acknowledged that he understood all of the above consequences.

The court then explained supervised release to the defendant, and advised the defendant that a term of supervised release would be imposed in addition to the sentence of imprisonment. The defendant was advised that among other conditions of supervised release, he could not commit another federal, state, or local crime while on supervised release, and he could not possess illegal controlled substances while on supervised

release. The defendant was advised that if he were found to have violated a condition of supervised release, then his term of supervised release could be revoked and he could be required to serve in prison all or part of the term of supervised release without credit for time previously served on supervised release.

The defendant was advised that parole has been abolished.

Defendant also acknowledges that his plea agreement contains an appeal waiver, and he agrees to waive his appeal rights as set out in that waiver.

The defendant indicated he had conferred fully with and was fully satisfied with his attorney. The defendant's attorney indicated that there is a factual basis for the guilty plea.

The defendant was advised fully of his right to plead not guilty, and have a jury trial, including:

1. The right to assistance of counsel at every stage of the pretrial and trial proceedings;

2. The right to a speedy, public trial;

3. The right to have his case tried by a jury selected from a cross-section of the community;

4. That he would be presumed innocent at each stage of the proceedings, and would be found not guilty unless the Government could prove each and every element of the offense(s) beyond a reasonable doubt;

5. That the Government could call witnesses into court, but the defendant's attorney would have the right to confront and cross-examine those witnesses;

6. That the defendant would have the right to see and hear all witnesses presented at trial;

7. That the defendant would have the right to subpoena defense witnesses to testify at the trial, and if he could not afford to pay the mileage and other fees to require the attendance of those witnesses, then the Government would be required to pay those costs;

8. That the defendant would have the privilege against self incrimination; *i.e.*, he could choose to testify at trial, but he need not do so, and if he chose not to testify, then the court would, if the defendant requested, instruct the jury that the defendant had a constitutional right not to testify;

9. That any verdict by the jury would have to be unanimous;

10. That he would have the right to appeal, and if he could not afford an attorney for the appeal, then the Government would pay the costs of an attorney to prepare the appeal.

The defendant also was advised of the rights he would waive by entering a plea of guilty. The defendant was told there would be no trial, he would waive all the trial rights just described, and he would be adjudged guilty without any further proceedings except for sentencing.

The defendant then confirmed that his decision to plead guilty was voluntary and was not the result of any promises other than plea agreement promises, and his decision to plead guilty was not the result of any threats, force, or anyone pressuring him to plead guilty.

The defendant then confirmed that he still wished to plead guilty, and he pleaded guilty to Count One of the Information.

The court finds the following with respect to the defendant's guilty plea:

1. The guilty plea was voluntary, knowing, not the result of force, threats or promises, except plea agreement promises, and the defendant is fully competent.

2. The defendant is aware of the maximum punishment.

3. The defendant knows his jury rights.

4. The defendant has voluntarily waived his jury rights.

5. There is a factual basis for the plea.

6. The defendant is, in fact, guilty of the crime to which he is pleading guilty.

The defendant was advised that a written presentence investigation report would be prepared to assist the court in sentencing. The defendant was asked to provide the

information requested by the U.S. Probation Office to prepare the presentence investigation report. The defendant was told that he and his counsel would have an opportunity to read and object to the presentence report before the sentencing hearing, and he and his counsel would be afforded the opportunity to be heard at the sentencing hearing.

The defendant was advised that the failure to file written objections to this Report and Recommendation within 14 days of the date of its service would bar him from attacking this court's Report and Recommendation, which recommends that the assigned United States District Judge accept the defendant's plea of guilty. A copy of this Report and Recommendation was served on the defendant and his attorney at the conclusion of the proceeding.

**IT IS SO ORDERED.**

**DATED** this 14th day of May, 2013.

_____
LEONARD T. STRAND
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT